**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARY E. RAYMAN,
                Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
SF-0752-19-0131-I-1

DATE: May 14, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda Ward-Smith, Las Vegas, Nevada, for the appellant.

Erin L. Collins, Esquire, and Matthew S. Voss, Esquire, North Las Vegas,
    Nevada, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction without holding the requested hearing. On petition for review, the appellant makes the following arguments: (1) she was not aware of her "'preference eligible' veteran

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

status," and she was hired into an excepted service position in error because she did not have "the required eligibility documentation"; (2) she should have been "reinstated under the competitive services [sic] appointment" when she was hired in 2018; (3) the agency's approval of her Family and Medical Leave Act of 1993 (FMLA) request demonstrates that she was an "employee" with Board appeal rights; and (4) the agency committed a prohibited personnel practice by discriminating against her due to her planned medical procedure. Petition for Review (PFR) File, Tab 1 at 4-5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

We have considered the appellant's argument, made for the first time on review, that the agency erred when she was appointed to an excepted service position, and she should have been reinstated in the competitive service when she was hired in 2018. PFR File, Tab 1 at 5. We have also considered her assertion that she was unaware of her preference eligible status. *Id.* She identifies no evidence in support of these arguments. Moreover, her argument regarding her alleged preference eligible status appears contradictory to her own submission,

which shows that she is a 5-point "Post-Vietnam-Era Veteran."[2] Initial Appeal File (IAF), Tab 1 at 10, Tab 12 at 52-53 (the appellant's DD-214). The Board will normally only consider an argument raised for the first time on review if it is based on new and material evidence not previously available despite the petitioner's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). The appellant has not made such a showing. Even if we found for the purposes of our analysis that this argument was based on new evidence, she has not persuaded us that she is an employee pursuant to 5 U.S.C. § 7511(a)(1), such that she has Board appeal rights to challenge her removal. *See, e.g.*, *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Thus, this argument is without merit.

The appellant additionally argues on petition for review that the agency admitted that she was an employee when it granted her FMLA leave request. PFR File, Tab 1 at 4-5. She also includes an FMLA fact sheet, which indicates that FMLA leave is only available to individuals who, among other things, worked for their employer for at least 12 months and completed at least 1,250 hours of service during the preceding 12-month period. PFR File, Tab 1 at 6-9. Under 5 C.F.R. § 1201.115, the Board will generally not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made such a showing. Moreover, the parties cannot confer jurisdiction by a contract or agreement where none otherwise exists. *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 17 (2017), *aff'd sub nom.*, *Williams v. Merit Systems*

---

[2] Her argument in this regard does not appear to implicate the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) or the Veterans Employment Opportunities Act of 1998.

*Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018). We are not persuaded by the appellant's argument, made below and on review, that the agency's decision to grant her request for FMLA leave warrants a finding that she is an employee with Board appeal rights. Accordingly, the appellant's argument is without merit.

Finally, the appellant asserts that the agency committed a prohibited personnel practice by discriminating against her due to her planned medical procedure. PFR File, Tab 1 at 5. As the administrative judge found, the Board lacks jurisdiction over such a claim absent an otherwise appealable action. IAF, Tab 16, Initial Decision at 7; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012). For the reasons described herein, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.